835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cloyd A. STANDAFER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-5336.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1987.
 
 Before LIVELY, Chief Judge, CORNELIA G. KENNEDY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from an order of the district court affirming the Secretary's denial of his applications for Social Security Disability Benefits and Supplemental Security Income. Following denial both initially and upon reconsideration, an administrative law judge (ALJ) determined that plaintiff had the residual functional capacity to perform the activities required in light work. This became the final decision of the Secretary when approved by the Appeals Council.
 
 
 2
 Plaintiff injured his back in an automobile accident in December 1982. He had worked as a farm laborer, truck driver and tobacco hauler prior to the accident and had last worked in November 1982. Plaintiff was treated by an orthopedic surgeon, Dr. Ellingsen, from the time of the accident through June 1983. Dr. Ellingsen found that plaintiff suffered a burst type fracture of the L-4 vertebra, noting that his X-ray showed an almost complete collapse of that vertebra. Plaintiff complained of constant pain in his lower back and muscle spasms, which Dr. Ellingsen felt were caused by the back injury. Based on his examination of plaintiff and the X-ray results, Dr. Ellingsen stated in April 1983 that plaintiff was completely disabled from work at that time. During a hospitalization for an unrelated condition, Dr. John H. Freer, at the time of discharge on January 27, 1983, stated: "He will return to full activity as tolerated. He can do no heavy lifting, stooping, bending.... Remain on disability for his back until Dr. Ellingsen releases him to return to work, to be retrained, or to retire." The last report of Dr. Ellingsen, dated July 27, 1983, states: "Mr. Standafer's status has not changed regarding his back nor any recommendations."
 
 
 3
 The ALJ found that the medical evidence establishes a severe compression fracture of L-4 and that plaintiff is unable to perform his past relevant work. The ALJ also found that plaintiff's complaints of pain on exertion are credible, "insofar as limiting him to light work." Finding that plaintiff was 51 years old at the time of the hearing with a limited education, the ALJ determined that he was not disabled because he could perform the activities required by light work.
 
 
 4
 There is no conflict in the medical evidence. On the basis of that evidence the ALJ was not justified in finding that plaintiff's complaints of pain on exertion are credible only insofar as they would limit him to light work. The only medical opinions expressed with respect to the range of plaintiff's possible activities were those of Dr. Ellingsen and Dr. Freer. Dr. Ellingsen described plaintiff's impairments and related his back pain to those impairments. Dr. Freer stated that plaintiff should engage in no heavy lifting, bending or stooping. This prohibition against bending and stooping was consistent only with the ability to carry on sedentary work activities, not light work activities.
 
 
 5
 The plaintiff met his burden of establishing a prima facie case of disability by showing that he was unable to return to his former work. The burden then shifted to the Secretary to demonstrate that work exists in the national economy that he can perform. Allen v. Califano, 613 F.2d 139 (6th Cir.1980); Young v. Califano, 633 F.2d 469 (6th Cir.1980). The Secretary did not carry his burden in this case. The medical evidence presented by the plaintiff was not undermined by anything in the record. The uncontradicted statement of Dr. Freer that plaintiff could not engage in activities involving stooping or bending, prevents a finding based on the "grid" because with these qualifications plaintiff's characteristics do not precisely coincide with the grid. Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 
 6
 Based on the entire record this court concludes that at most plaintiff was shown to be capable of performing sedentary work. A person of his age and limited education would be entitled to a finding of disability if able to perform only at the sedentary level. 20 C.F.R. Part 404 Subpart P, Appendix 2, Rule 201.10. Thus substantial evidence does not support the Secretary's decision that the plaintiff is not disabled.
 
 
 7
 At oral argument it was stated that the plaintiff was awarded benefits after the record before us was closed. The judgment of the district court is reversed, and the case is remanded with directions to remand it to the Secretary for an award of benefits. The Secretary will take into account any later award of benefits not covered by this record.